IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>     Respondent/Plaintiff,  )<br>vs.  )<br>  )<br>ALEJANDRO GONZALEZ-LARA,  )<br>ID # 30750-177,  )<br>     Movant/Defendant.  ) | No. 3:03-CR-0214-L<br>No. 3:04-CV-2412-L |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of the Case

Movant, an inmate currently incarcerated in the federal prison system, filed this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. The respondent is the United States of America (government).

### B. Procedural History

On August 18, 2003, movant pled guilty to illegally re-entering the United States after being deported. In an amended plea agreement, he waived his right to appeal from his conviction and sentence, and further waived his right to contest his conviction and sentence in any collateral proceeding "on any ground, including claims of ineffective assistance of counsel." Nevertheless, he specifically reserved "the rights (a) to bring a direct appeal of (i) a sentence exceeding the statutory maximum punishment, (ii) an upward departure from the guideline range deemed applicable by the

district court, or (iii) an arithmetic error at sentencing, and (b) to challenge the voluntariness of his plea of guilty or this waiver." On November 5, 2003, the Court entered judgment upon movant's guilty plea, and sentenced him to forty-six months imprisonment. He did not appeal his conviction or sentence.

On November 9, 2004, the Court received the instant motion filed pursuant to 28 U.S.C. § 2255. Movant claims that his attorney rendered ineffective assistance when he failed to investigate whether movant was guilty of public intoxication. Movant also claims that the Court improperly enhanced his sentence in light of *Blakely v. Washington*, 542 U.S. 296 (2004). On November 19, 2004, the Court received a motion for leave to supplement record[1] wherein movant states that his attorney failed to argue that public intoxication should not increase his criminal history score. He further states that his attorney failed to challenge his improper sentence.

## II. SUMMARY DISMISSAL

As amended in December 2004,[2] Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Generally, "an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States*

---

[1] The Court hereby grants movant leave to supplement the record with the information and arguments contained within the motion for leave.

[2] Although the Court quotes the amended rule, the former rule was not materially different. Prior to the 2004 amendment, Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts provided that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." It thus makes no difference whether the Court uses the amended or pre-amended version of Rule 4.

*v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994) (per curiam), *accord United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002). Such waiver is also sufficient to summarily dismiss a motion filed pursuant to § 2255. *Blakely*, furthermore, does not "alter the plain meaning of appeal-waiver provisions in valid plea agreements." *United States v. McKinney*, 406 F.3d 744, 747 n.5 (5th Cir. 2005). Consequently, a waiver that was signed prior to the issuance of *Blakely* is enforceable. *Id.* at 746-47.

In this instance, movant expressly waived his right to collaterally attack his conviction and sentence "on any ground, including claims of ineffective assistance of counsel," but reserved the right to challenge the voluntariness of his plea of guilty or the waiver. Movant does not challenge the voluntariness of his guilty plea or the waiver of his right to appeal or otherwise challenge his sentence in this action. Thus, by his voluntary and knowing guilty plea, movant waived his right to collaterally attack his conviction or sentence in a motion to vacate on any ground, including the alleged ineffective assistance of counsel. Movant's informed and voluntary waiver of post-conviction relief is effective to bar relief on the instant motion, and the Court should therefore summarily dismiss this action.

### III. EVIDENTIARY HEARING

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required, when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. In this instance, the matters reviewed by the Court conclusively show that movant is entitled to no relief.

## IV.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge **RECOMMENDS** that the Court summarily **DISMISS** the instant Motion to Vacate, Set Aside, or Correct Sentence brought pursuant to 28 U.S.C. § 2255.

**SIGNED this 20th day of September, 2005.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE